# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOHN WAYNE PINCKARD,<br><br>Defendant. | Case No. CR-09-090-RAW |

## ORDER

Before the court is Defendant Pinckard's motion to modify sentence pursuant to 18 U.S.C. § 3582 [Docket No. 42]. Defendant voluntarily entered into a plea agreement with the Government whereby he pled guilty to Count 3 of the Indictment and the Government dismissed Counts 1 and 2. Defendant and the Government agreed that his sentence would be 120 months of imprisonment. Defendant also waived all of his appellate, post-conviction, departure and variance rights.

Defendant states that his grounds for this motion are: (1) on November 10, 2010, the federal sentencing guidelines were amended to allow for downward departure based upon exemplary military service; (2) at the time he was sentenced, the federal sentencing guidelines specifically forbade a sentencing court to consider military service as a reason for a downward departure; (3) he served in the United States Army from September 1968 to July 1974, served two terms in Vietnam, and was honorably discharged after he was injured; (4) he is not imprisoned for a crime of violence or a charge carrying a life sentence; (5) he has been a model inmate; (6) he has been actively involved in the Veteran's Peer Support Group and now understands that his problems may stem from his combat service in Vietnam; (7) he is current on his scheduled court ordered payments; (8) he is

now 65 years old, has served 26 months of his sentence, and the time he has served is a sufficient deterrent from any further criminal activity; and (9) since his incarceration, he has undergone surgery to remove polyps in his nasal passage and surgery for a hernia in his abdomen.

This court "does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." United States v. Smartt, 129 F.3d 539, 540 (10th Cir. 1997 (quoting United States v. Mendoza, 118 F.3d 707, 709 (10th Cir. 1997)). Because Defendant's motion is not a direct appeal or a collateral attack under 28 U.S.C. § 2255, "the viability of his motion depends entirely on 18 U.S.C. § 3582(c)." Id. (citation omitted).

Title 18 of the United States Code, section 3582(c) provides:

The court may not modify a term of imprisonment once it has been imposed except that--

(1) in any case–

(A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that–

(i) extraordinary and compelling reasons warrant such a reduction; or

(ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person to the community, as provided under section 3141(g);

and such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and

(B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and

(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Rule 35 of the Federal Rules of Civil Procedure provides that a sentence may be corrected: (1) for clear error resulting from arithmetical, technical or other clear error, within 14 days after sentencing; and (2) for substantial assistance, upon the Government's motion.

The Director of the Bureau of Prisons has not filed a motion, so clearly, 18 U.S.C. § 3582(c)(1)(A) does not apply here. Rule 35 is not applicable, nor has the Defendant identified another statute that permits the court to modify his sentence; thus, 18 U.S.C. § 3582(c)(1)(B) does not apply here. As the Government has noted, the Defendant seems to rely on § 3582(c)(2).

Defendant argues that the federal sentencing guidelines were amended to allow for downward departure based upon exemplary military service. As the Government points out, however, that amendment does not lower the guideline range, nor has it been made retroactive. Moreover, Defendant was not sentenced based on a guideline range as is required under § 3582(c)(2). He was sentenced pursuant to a Rule 11(c)(1)(C) plea agreement. When a sentence is imposed pursuant to a Rule 11(c)(1)(C) plea agreement, it is not "based on a sentencing range" for purposes of § 3582(c)(2). See United States v. Trujeque, 100 F.3d 869, 871 (10th Cir. 1996). Additionally, Defendant waived any departure or variance rights and the right to have his sentence modified pursuant to § 3582(c), except for a Rule 35(b) motion by the Government.

This court lacks jurisdiction to modify Defendant's sentence. Accordingly, Defendant's motion [Docket No. 42] is hereby DENIED.

It is so ORDERED this 9th day of February, 2012.

**Dated this 9th day of February, 2012.**

_Ronald A. White_
Ronald A. White
United States District Judge
Eastern District of Oklahoma